917 F.2d 62
 286 U.S.App.D.C. 348
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Lawrence WHITE, Appellant.
and
UNITED STATES of America, Appellee,
v.
Carlos JOHNSON, Appellant.
 Nos. 89-3155, 89-3156.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 30, 1990.
 
 Before WALD, Chief Judge, and MIKVA and RUTH BADER GINSBURG, Circuit Judges.
 JUDGMENT
 Per Curiam.
 
 
 1
 These cases were considered on appeals from convictions and sentences in the United States District Court for the District of Columbia. This Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that the judgments from which these appeals have been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Carlos Johnson appeals his conviction for possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a) and (b)(1)(A), and carrying or using a firearm during and in relation to drug trafficking, 18 U.S.C. Sec. 924(c)(1). Appellant Lawrence White appeals his conviction for carrying or using a firearm during and in relation to drug trafficking, 18 U.S.C. Sec. 924(c)(1). Appellants argue that the district court erred in refusing to grant their motions for judgment of acquittal because the evidence adduced at trial was insufficient for a rational juror to find guilt beyond a reasonable doubt. We hold that the district court acted within its discretion in denying appellants' motions and affirm their convictions.
 
 I. FACTS
 
 5
 On the evening of March 7, 1989, twelve to fifteen police officers, pursuant to a valid search warrant, forcibly entered a one-bedroom apartment rented by Patrice Brown. The officers discovered seven people in the apartment: Brown, Johnson, White, Brown's boyfriend, another woman, and two of Brown's children.
 
 
 6
 As the officers entered the apartment, they saw Johnson standing in the kitchen and White running from the kitchen to the apartment's back porch. Brown emerged from the bedroom where she had been sleeping. The officers placed Brown, Johnson, and White under arrest. The officers then found a large plastic bag containing 55.2 grams of crack cocaine packaged in sixty smaller bags on top of a furnace in the kitchen and a loaded .22 caliber handgun with six live rounds of ammunition in the folds of a roll of carpeting lying on the back porch.
 
 
 7
 Brown, Johnson, and White were indicted for possession with intent to distribute cocaine, and aiding and abetting, 21 U.S.C. Sec. 841(a)(1) and (b)(1)(A) and 18 U.S.C. Sec. 2, and carrying or using a firearm during and in relation to drug trafficking, 18 U.S.C. Sec. 924(c)(1), and aiding and abetting, 18 U.S.C. Sec. 2.[1] Appellants' joint three-day trial began on June 14, 1989. At the close of the government's case-in-chief, appellants moved for judgment of acquittal based on the insufficiency of the evidence on all counts. The district court denied appellants' motions, and appellants presented no evidence. A jury convicted appellants on all counts. The district court sentenced appellants to the mandatory minimum fifteen-year prison term. Appellants then filed this appeal.
 
 II. ANALYSIS
 
 8
 In considering appellants' claims of insufficiency of the evidence, we must look at that evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942). We must also "recogniz[e] that it is the jury's province to determine credibility and to weigh the evidence." United States v. Singleton, 702 F.2d 1159, 1163 (D.C.Cir.1983). Finding the evidence sufficient to support their convictions, we reject all of appellants' claims.
 
 
 9
 A. Sufficiency of the Evidence on the Drug Possession Count
 
 
 10
 Appellant Johnson argues that the testimony of Brown and the police officers was insufficient to establish that he possessed the drugs recovered from the furnace in Brown's apartment with the intent to distribute them. Specifically, Johnson points to inconsistencies in the officers' testimony concerning his exact location in the kitchen.
 
 
 11
 In order to meet its prima facie burden on possession of narcotics, the government must establish more than a defendant's presence on the premises where drugs are found or even his mere proximity to the drugs. United States v. Dunn, 846 F.2d 761, 763 (D.C.Cir.1988). But "evidence of some other factor--including connection with a gun, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise--coupled with proximity may surpass the minimum threshold of evidence needed to put the question of guilt to a jury." United States v. Gibbs, 904 F.2d 52, 56 (D.C.Cir.1990) (emphasis added) (citations omitted). The intent to distribute narcotics may be inferred from the existence of an amount of packaged narcotics greater than that necessary for immediate personal use. See, e.g., United States v. Raper, 676 F.2d 841, 845 (D.C.Cir.1982); United States v. Staten, 581 F.2d 878, 886 (D.C.Cir.1978); United States v. Herron, 567 F.2d 510, 513 (D.C.Cir.1977).
 
 
 12
 Although Johnson correctly points out that the testifying officers did not agree on his exact location in the kitchen when they first observed him, all three officers located Johnson within three feet of the furnace. One officer testified that he actually saw Johnson move in front of the furnace and lower a large bag onto it: a bag later found to contain sixty smaller bags of cocaine. Transcript ("Tr.") I. 83-84, 113, 119, 123.[2]
 
 
 13
 Thus, the amount of drugs found in the apartment, Johnson's proximity to the drugs, and Brown's testimony that Johnson had lived and sold drugs in her apartment during the week prior to his arrest, Tr. II. 26, 28,[3] and that he had carried a gun while in the apartment were sufficient to support Johnson's conviction for possession with intent to distribute cocaine under Sec. 841(a) and (b)(1)(A).
 
 
 14
 B. Sufficiency of the Evidence on the Firearm Count
 
 
 15
 Appellants next argue that the evidence was insufficient to support their convictions for using or carrying a firearm during and in relation to drug trafficking because even if the government established their possession of a gun, it did not establish that they used the gun "during and in relation to" drug trafficking activity. We disagree.
 
 
 16
 18 U.S.C. Sec. 924(c)(1) provides in pertinent part: "Whoever, during and in relation to any ... drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years ..." In United States v. Long, 905 F.2d 1572, 1576-77 (D.C.Cir.1990), we set forth the minimum standard the government must meet to sustain a conviction under Sec. 924(c)(1): "Although a defendant can 'use' a firearm without actively employing it, the government, at a minimum, must show that a particular defendant has actually or constructively possessed a particular firearm in order to prove that he has 'used' it." We find that the government met this burden with regard to both Johnson and White.
 
 
 17
 Brown testified that Johnson "always carried a gun" in the apartment, Tr. II. 33, and that White carried the gun whenever Johnson left the apartment, because Johnson said he didn't "need [the gun] to go down to the store." Tr. II. 35. This evidence amply demonstrates both appellants' actual possession of the gun.
 
 
 18
 With respect to White, additional evidence was offered from which the jury could have inferred possession: One officer testified that he saw White make a "throwing motion with his left arm" as he ran across the porch and that immediately afterward he heard "a loud thunk," and another officer testified that the loaded .22 caliber revolver was the only item recovered from the area in which White gestured. Tr. I. 85-86, 109-10. Although White argued at trial, and again on appeal, that he could not have thrown the gun since it was necessary for the police to pull back a fold in the carpeting in order to retrieve it, we believe the jury could reasonably have inferred from the position of the gun and the officer's testimony that White threw the gun as he ran across the back porch.
 
 
 19
 With respect to the second element of Sec. 924(c)(1), possession "during and in relation to" drug trafficking activity, appellants argue that there was no evidence to suggest that they used a gun for drug trafficking purposes. Specifically, appellants argue that because Brown did not testify that they used the gun while selling drugs, any inference that they did so was improper. Again, we disagree. Brown's testimony that Johnson and White sold drugs in her apartment, that the drugs were available for sale "all night," Tr. II. 38, and that Johnson always carried the gun in the apartment and left it there when he went to the store, during which time White carried the gun, was sufficient to support an inference that Johnson and White knowingly used the gun during and in relation to their drug trafficking activity.
 
 
 20
 Johnson argues that his explanation to Brown that he carried the gun only to protect himself, Brown, and Brown's children, undercuts any possible inference that he knowingly carried the gun for drug trafficking purposes. An equally plausible inference, however, is that Johnson and White carried the gun to "protect" themselves and others living in the apartment from any danger to them resulting from drug activity.
 
 
 21
 As we have repeatedly noted, guns are frequently kept on premises where drug trafficking occurs to protect traffickers from the dangers inherent in their activity. See, e.g., United States v. Joseph, 892 F.2d 118, 126 (D.C.Cir.1989); United States v. Evans, 888 F.2d 891, 895 (D.C.Cir.1989); United States v. Anderson, 881 F.2d 1128, 1141 (D.C.Cir.1989). From the time Johnson and White moved into Brown's apartment one week prior to their arrest, they participated in an ongoing drug trafficking enterprise. The evidence of their trafficking activities and of their joint possession of a firearm during the course of those activities is more than sufficient to support their convictions under Sec. 924(c)(1).
 
 
 
 [1]
 In addition, Brown was indicted for maintaining a premises for drug distribution, 21 U.S.C. Sec. 856, to which she pled guilty. The government agreed to drop all remaining counts against Brown and make a downward departure recommendation at her sentencing in return for Brown's testimony at appellants' trial
 
 
 [2]
 "Tr. I." refers to the trial transcript of the afternoon session on June 14, 1989
 
 
 [3]
 "Tr. II." refers to the trial transcript of June 15, 1989